## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**DAYNA LAZARUS,**

    **Plaintiff,**

**v.**

                                        **CASE NO.:**

**STACY WHITE, in his Official
Capacity as a Member of the
Hillsborough County Commission
for Hillsborough County, Florida,**

    **Defendant.**

_____/

### VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL

1. Plaintiff, DAYNA LAZARUS, by and through the undersigned attorney, hereby files this Verified Complaint for Declaratory and Injunctive Relief and Demand for Jury Trial against Defendant, STACY WHITE, in his Official Capacity as a Member of the HILLSBOROUGH COUNTY COMMISSION FOR HILLSBOROUGH COUNTY, FLORIDA, and in support thereof alleges as follows:

### JURISDICTION AND VENUE

2. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 for violation of her First Amendment rights.

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

4. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202, and injunctive relief pursuant to Fed. R. Civ. P. 65.

5. Venue is appropriate in this District, as the Defendant is a Member of a County Commission in Hillsborough County, Florida.

## PARTIES

6. Plaintiff, DAYNA LAZARUS ("LAZARUS") is a resident of Hillsborough County, Florida.

7. Defendant, STACY WHITE ("WHITE"), is a Member of the Hillsborough County Commission for Hillsborough County, Florida, having been elected in 2014.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

8. Dayna Lazarus is a local activist. Her activism tends to focus on issues relating to transportation and issues relating to racism. She has worked with several local activist groups including Organize Florida, SURJ ("Showing Up for Racial Justice"), and Transit Now Tampa Bay. She recently graduated with a Masters in Urban and Regional Planning and focused her studies on issues relating to transportation equity.

9. On June 26, 2017, Hillsborough County Commissioners Stacy White and Sandy Murman were holding a "South County Transportation Town Hall."

10. The purpose of the "Town Hall" meeting was to allow members of the public to address the Commissioners on matters relating to transportation. The event took place at Lennard High School in the south part of Hillsborough County.

11. Ms. Lazarus wished to address the "TBX Project," an unpopular proposed transportation project that would involve the Florida Department of Transportation exercising its eminent domain powers to purchase real estate largely occupied by black citizens and citizens of color for the enlargement of the State Highway system, resulting in the displacement of a disproportionate number of African

American residents and residents of color, with homes in the area sought to be the location of the taking.

12. Ms. Lazarus attended the workshop intending to read a statement during the public comments portion of the agenda arguing that the TBX project raised racial implications. The full text that she intended to read is set forth below:

> Today, I am speaking on behalf of nearly 1,000 Hillsborough County residents, part of a group called SURJ, showing up for racial justice, a group that works to educate white people on institutional racism, and how we can do better.
>
> My question is for Commissioners Murman and White. It's good to see you both again; I was at the BOCC meeting last Wednesday when you both voted to let a confederate statue stand unmoved in front of the Hillsborough County Courthouse. This statue was erected in 1911 to reinforce the worldview that the white race is superior to all others.
>
> You both also voted to move forward with the TBX project which will displace mostly black and Hispanic communities in the heart of Tampa to build toll roads that will only benefit the wealthy and privileged. I cannot help noticing the connection between these two votes.
>
> Please understand that there is a difference between a person who is actively a bigot, and a person who actively reinforces institutional, or systemic racism. Inequality, whether it be of race, income levels, or access, is built into the land, and perpetuated by the way cities are planned and the symbols within them.
>
> Do you, Commissioners, recognize your role within the system in reinforcing institutional racism in Hillsborough County?

13. As LAZARUS began to read the above statement, WHITE interrupted her and told her that she was off topic and that this was a meeting about transportation.

14. LAZARUS stated that her comments *were* about transportation and continued reading, even skipping ahead to the part of her statement specifically regarding the TBX project.

15. WHITE interrupted her again, and several others in the room seized the opportunity to join in and heckle and jeer at LAZARUS.

16. Seconds later, WHITE stated: "It is clear that the audience does not wish to engage in the dialogue. You are about to be escorted out."

17. At this point, two security guards, either campus security, officers of the Tampa Police Department, or Hillsborough County Sheriff's deputies, walked LAZARUS out of the room and then all the way off campus to the sidewalk, telling her that there is a "time and a place to say things" and that this was not the time and place.

18. The American Civil Liberties Union of Florida's Greater Tampa Chapter's Legal Panel Chair sent an email to WHITE'S assistant on May 11, 2018, sending the text of LAZARUS' speech and asking WHITE to call her, and to tell her that he realizes that he shouldn't have cut her off now that he sees that her comments were, in fact, on topic.

19. Within the hour, the Greater Tampa Chapter's Legal Panel Chair received a phone call from the Hillsborough County Attorney's Office defending Commissioner White's actions and refusing to say whether he would call Ms. Lazarus or not. WHITE never called her.

20. WHITE'S actions in having LAZARUS ejected from the meeting was an abuse of authority over security personnel to silence members of the public who were trying

to petition Governmental figures for the redress of grievances that those figures would rather not see aired.

## COUNT ONE
## FIRST AMENDMENT

21. The Plaintiff realleges and adopts paragraphs 1 through 20 above, as if fully set forth herein.

22. The First Amendment prohibits WHITE, in his official capacity, from restraining citizens desiring to express their opinions in a forum such as the "outh County Transportation Town Hall" held for the public at a college campus.

23. WHITE arbitrarily and *subjectively* determined that racism was unrelated to transportation, which is clearly not *objectively* off-topic.

24. The Supreme Court decisions scrutinize regulations on free speech depending on whether the forum is: (1) a traditional public forum; (2) a designated public forum or limited public forum; or (3) a non-public forum.

25. The "South County Transportation Town Hall" held at the Hillsborough Community College campus was a "limited public forum," as it was as a forum to discuss certain topics.

26. In limited public forums, the government cannot discriminate against differing viewpoints, and any restriction must be "reasonable in light of the purpose served by the forum."

27. Here, WHITE explained that he was having LAZARUS escorted out of the room because "the audience does not wish to engage in the dialogue."

28. WHITE'S conduct was a restriction on free speech based on the content of LAZARUS' comments, rather than a content-neutral attempt to ensure an orderly meeting.

29. LAZARUS was publicly humiliated at a public meeting, and marched outside by armed guards.

30. WHITE'S actions violate LAZARUS' First Amendment right to freedom of speech.

31. The above-described actions of WHITE were taken under color of state law.

32. There is a substantial and actual justiciable controversy over Plaintiff's rights under the First Amendment to the United States Constitution.

## PRAYER FOR RELIEF

33. WHEREFORE, Plaintiff respectfully requests:

    a. Declaratory relief that Defendant's actions constitute a violation of Plaintiff's rights under the First Amendment to the United States Constitution;

    b. Damages are of an amount to be determined at trial.;

    c. Attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## DEMAND FOR JURY TRIAL

Plaintiff, DAYNA LAZARUS requests a trial by jury on all issues so triable.

Dated: April 17, 2020.

Respectfully Submitted,

*/s/ Luke Lirot, Esq.*

Luke Lirot, Esq.
LAW OFFICES OF LUKE LIROT, P.A.
Florida Bar No. 714836
*Counsel for Plaintiff*
2240 Belleair Rd., Suite 190
Clearwater, FL 33764
(727) 536-2100 Office
(727) 536-2110 Facsimile
(813) 789-9777 Cellular
E-mail: Luke2@LirotLaw.com

6

Office@lirotlaw.com
Krista@lirotlaw.com

And

**Daniel B. Tilley**
Florida Bar No. 102882
ACLU Foundation of Florida
4343 West Flagler St., Suite 400
Miami, FL 33134
(786) 363-2714
dtilley@aclufl.org